818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret E. JONES, Plaintiff--Appellant,
v.
Dorothy E. MEAD, Director, Baltimore District Office of the
Equal Employment Opportunity Commission; Valjean Hubbert,
Equal Opportunity Specialist, Equal Employment Opportunity
Commission; Donna Swanson, Supervisor, Equal Employment
Opportunity Commission; Reggie Elmore, Clerk, Equal
Employment Opportunity Commission; Jacob Edelman, Esq., As
Former Chairman of the Maryland Commission on Human
Relations; James R. Fletcher, Chairman, Maryland Commission
on Human Relations; J. Neil Bell, Investigator, Maryland
Commission on Human Relations, Defendant--Appellees.
 No. 86-3143.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1987.
Decided May 7, 1987.
 
 Before SPROUSE, ERVIN and CHAPMAN, Circuit Judges.
 
 
 1
 Margaret E. Jones, appellant pro se.
 
 
 2
 Gladys O. Collazo, S. Jennifer Johnson, Michael D. Connolly, Thomas L. Gray, Equal Employment Opportunity Commission, for appellees Mead, Hubbert, Swanson and Elmore.
 
 
 3
 J. Frederick Motz, for appellees Hubbert, Swanson and Elmore.
 
 
 4
 Henry Burke Ford, Jr., Deputy General Counsel, Risselle Rosenthal Fleisher, Maryland Commission on Human Relations, for appellees Edelman, Fletcher and Bell.
 
 PER CURIAM:
 
 5
 When Margaret Jones was discharged from her employment, she initiated this lawsuit against the Equal Employment Opportunity Commission (EEOC) and the Maryland Commission on Human Resources (MCHR), a "Section 706 deferral agency," see 42 U.S.C. Sec.20OOe-5. Jones challenged the manner in which her administrative complaint was handled. The district court denied relief.
 
 
 6
 We find that the appeal is untimely and accordingly grant the EEOC's motion to dismiss the appeal. Judgment was entered on Friday, September 28, 1984. Jones's Rule 59(e) motion was served and filed on Thursday, October 11. In 1984, Fed. R. Civ. P . 6 (a) mandated that the two intervening weekends be included when calculating the date by which the Rule 59 (e) motion should have been filed. Thus, the motion, filed on Thursday, October 11, 1984, was filed outside the ten-day period set forth in Fed. R. Civ. P. 59(e). The appeal period was not tolled. See Fed. R. App. P. 4 (a) (4) . The appeal, filed on October 16, 1986, was untimely. See Fed. R. Civ. P. 4 (a) (1). The motion to dismiss is therefore granted.
 
 
 7
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The appeal is dismissed.
 
 
 8
 DISMISSED.